GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
  aschwing@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

LITTLER MENDELSON, P.C.
ANDREW M. SPURCHISE, SBN 245998
  aspurchise@littler.com
SOPHIA BEHNIA, SBN 289318
  sbehnia@littler.com
333 Bush Street, 34th Floor
San Francisco, CA 94105
Telephone:    415.433.1940
Facsimile:    415.399.8940

Attorneys for Defendant DOORDASH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MANUEL MAGANA, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>     v.<br><br>DOORDASH, INC.,<br><br>               Defendant. | CASE NO.<br><br>**DECLARATION OF THEANE EVANGELIS IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL** |

## <u>DECLARATION OF THEANE EVANGELIS</u>

I, Theane Evangelis, certify and declare as follows:

1.      I am an attorney admitted to practice law before this Court and all of the Courts of the State of California.  I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendant DoorDash, Inc. ("DoorDash" or "Defendant") in the above-captioned action.  I offer this declaration in support of DoorDash's Notice of Removal of the instant action from the California Superior Court, City and County of San Francisco, to the United States District Court for the Northern District of California.   I have personal knowledge of all the facts set forth in this declaration (unless otherwise noted), and, if called to testify, I could and would competently testify to them.

1.      Attached hereto as **Exhibit A** is a true and correct copy of the Docket Sheet in Case No. CGC-18-566404.

2.      Attached hereto as **Exhibit B** is a true and correct copy of the Summons served on DoorDash on March 10, 2018.

3.      Attached hereto as **Exhibit C** is a true and correct copy of the Complaint, served on DoorDash on March 10, 2018.

4.      Attached hereto as **Exhibit D** is a true and correct copy of the Civil Case Cover Sheet, filed by Plaintiff in the Superior Court, City and County of San Francisco, on May 8, 2018.

5.      Attached hereto as **Exhibit E** is a true and correct copy of the March 10, 2018 Notice of Service of Process of the Summons and Complaint of the above-captioned action.

6.      In accordance with 28 U.S.C. § 1446(a), Exhibits A through E include "all process, pleadings and orders served upon" the Defendant in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on this 8th day of June, 2018, in Los Angeles, California.


_____
                */s/ Theane Evangelis*
                Theane Evangelis

Attorney for Defendant DOORDASH, INC.

DECLARATION OF THEANE EVANGELIS IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT A

Contact Us

## THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

Case Number: CGC18566404
Title: MANUEL MAGANA VS. DOORDASH INC.
Cause of Action: OTHER NON EXEMPT COMPLAINTS
Generated: 2018-06-06 2:53 pm

Register of Actions     Parties     Attorneys     Calendar     Payments     Documents

**Please Note: The "View" document links on this web page are valid until 3:03:45 pm**
**After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)**

# Register of Actions

Show 10 entries                                                                                                    Search:

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| 2018-05-22 | SUMMONS ON COMPLAINT (TRANSACTION ID # 62054390), PROOF OF SERVICE ONLY, FILED BY PLAINTIFF MAGANA, MANUEL ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED SERVED MAY-10-2018, PERSONAL SERVICE AS TO DEFENDANT DOORDASH INC. | View | |
| 2018-05-08 | NOTICE TO PLAINTIFF | View | |
| 2018-05-08 | OTHER NON EXEMPT COMPLAINTS, COMPLAINT FILED BY PLAINTIFF MAGANA, MANUEL ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED AS TO DEFENDANT DOORDASH INC. SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR OCT-10-2018 PROOF OF SERVICE DUE ON JUL-09-2018 CASE MANAGEMENT STATEMENT DUE ON SEP-17-2018 COMPLEX LITIGATION ASSIGNMENT REQUESTED BY FILING PARTIES; FEE INCLUDED IN FILING FEE | View | $1450.00 |

Showing 1 to 3 of 3 entries                                                         Previous   1   Next

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Doordash Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Manuel Magana, on behalf of himself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

400 McAllister St.
San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):*
CGC-18-566404

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shannon Liss-Riordan, 729 Boylston Street, Suite 2000, Boston, MA 02116

DATE: 5/08/2018   **MAY 0 8 2018**   CLERK OF THE COURT   Clerk, by   DE LA VEGA-NAVARRO, Rossaly   , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Doordash, Inc.

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX
ONE LEGAL LLC

# EXHIBIT C

1   SHANNON LISS-RIORDAN (SBN 310719)
2   (sliss@llrlaw.com)
    LICHTEN & LISS-RIORDAN, P.C.
3   729 Boylston Street, Suite 2000
    Boston, MA 02116
4   Telephone:    (617) 994-5800
    Facsimile:    (617) 994-5801
5

6   *Attorney for Plaintiff Manuel Magana,*
    *on behalf of himself and all others similarly situated*
7

**FILED**
San Francisco County Superior Court
MAY 08 2018
CLERK OF THE COURT
BY:_____ Deputy Clerk

8

9                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
11                        **FOR THE COUNTY OF SAN FRANCISCO**
12

13                                          Case No. **CGC-18-566404**
14   MANUEL MAGANA, on behalf of himself and
     all others similarly situated,
15
                                            **CLASS ACTION COMPLAINT**
16                        Plaintiff,
                                            1. FAILURE TO REIMBURSE FOR
17            v.                               BUSINESS EXPENSES (CAL. LAB.
                                               CODE § 2802)
18   DOORDASH INC.,                         2. MINIMUM WAGE (CAL. LABOR
                                               CODE §§ 1194, 1197)
19                        Defendant.        3. WILLFUL MISCLASSIFICATION
20                                             (CAL. LABOR CODE § 226.8)
                                            4. PAY STATEMENTS (CAL. LABOR
21                                             CODE § 226(a))
                                            5. UNLAWFUL AND/OR UNFAIR
22                                             BUSINESS PRACTICES (CAL. BUS.
23                                             & PROF. CODE §§17200-17208)
24

25
26
27
                                    1
28                         CLASS ACTION COMPLAINT

**BY FAX**
ONE LEGAL LLC

## I.  **INTRODUCTION**

1.      This case is brought on behalf of individuals who have worked as DoorDash delivery drivers in California.  DoorDash Inc. ("DoorDash") provides on-demand takeout food delivery to customers at their homes and businesses through its mobile phone application and website.  DoorDash is based in San Francisco, California, but it does business across the United States and extensively throughout California.

2.      As described further below, DoorDash has willfully misclassified its delivery drivers including Plaintiff Manuel Magana in violation of Cal. Labor Code § 226.8.  Additionally, because of delivery drivers' misclassification as independent contractors, DoorDash has unlawfully required delivery drivers to pay business expenses (including expenses to own or lease a vehicle and maintain and fuel it, as well as phone/data expenses) in violation of Cal. Lab. Code § 2802 and has also failed to pay required minimum wage for all hours worked in violation of Cal. Lab. Code §§ 1194, 1197.  Likewise, DoorDash has failed to provide proper itemized wage statements in violation of Cal. Lab. Code § 226(a) because it does not explain the piece-rate basis on which drivers are paid and does not break out the amount of drivers' wages and tips, among other reasons.

## II.  **PARTIES**

3.      Plaintiff Manuel Magana is an adult resident of San Jose, California, where he has worked as a delivery driver for DoorDash since May 2014.

4.      Plaintiff brings this action on his own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as delivery drivers for DoorDash throughout California.

5.      Defendant DoorDash, Inc. ("DoorDash") is headquartered in San Francisco, California.

CLASS ACTION COMPLAINT

### III.   JURISDICTION

6.      This Court has jurisdiction over Plaintiff's claims pursuant to California Code of Civil Procedure § 410.10.  The monetary relief which Plaintiff seeks is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

7.      Venue is proper in this Court pursuant to Code of Civ. P. §§ 395 and 395.5 because DoorDash has its principal place of business in San Francisco County.  Furthermore, Defendant engages in business activities in and throughout the State of California, including San Francisco County.

### IV.   STATEMENT OF FACTS

8.      DoorDash is a food delivery service, based in San Francisco, which engages delivery drivers across the state of California to deliver food to its customers at their homes and businesses.

9.      DoorDash offers customers the ability to request a driver on a mobile phone application or online through its website, who will go to the restaurant and pick up their food, then deliver it to the customer at their home or business.

10.     DoorDash holds itself out to the public as a food delivery service.  Its tagline is "Delivering Good", and its website advertises, "[w]ith your favorite restaurants at your fingertips, DoorDash satisfies your cravings and connects you with possibilities — more time and energy for yourself and those you love."

11.     Plaintiff Manuel Magana has driven for DoorDash at various times, including over the last year, and continues to drive for DoorDash.

12.     DoorDash classifies its delivery drivers like Mr. Magana as "independent contractors," but under California law, they should be classified as employees.

13.     DoorDash drivers perform services within DoorDash's usual course of business as a food delivery service.  The delivery drivers' services are fully integrated into DoorDash's business.  Without delivery drivers to perform deliveries, DoorDash would not exist.

14.     DoorDash delivery drivers are not typically engaged in their own food delivery business. When delivering items for DoorDash customers, they wear the "hat" of DoorDash.

15.     In addition, DoorDash maintains the right of control over the delivery drivers' performance of their jobs and exercises detailed control over them.

16.     For example, drivers must follow DoorDash's instructions regarding where to report for their shifts and where to go to pick up or await deliveries.  Drivers can be penalized or terminated for missing scheduled shifts or cancelling their shifts too close to the start time.  DoorDash has collected various metrics regarding its drivers' performance, including: (1) drivers' customer rating (out of five stars, with five being the highest), which is used to gauge customers' satisfaction with a delivery; (2) drivers' acceptance rating, which gauges how many deliveries drivers were assigned and accepted over the last 100 deliveries; and (3) drivers' completion rating, which gauges the number of deliveries drivers completed that they accepted.  If drivers' ratings fall below DoorDash's minimum thresholds they may be terminated.

17.     DoorDash communicates directly with customers and follows up with delivery drivers if the customer complains that something was not delivered or that the delivery otherwise failed to meet their expectations.  Based on any customer feedback, DoorDash may suspend or terminate delivery drivers.

18.     DoorDash unilaterally sets the pay scheme and rate of pay for delivery drivers' services and changes the rate of pay in its sole discretion.

19.     DoorDash does not reimburse delivery drivers for any expenses they may incur while working for DoorDash, including, but not limited to the cost of maintaining their vehicles,

gas, insurance, and phone and data expenses for running the DoorDash Application.  Delivery drivers incur these costs as a necessary expenditure to work for DoorDash, which California law requires employers to reimburse.

20.     DoorDash pays its drivers a guaranteed delivery fee for each delivery plus tips they receive from customers.  DoorDash has failed to ensure that its delivery drivers receive the applicable state minimum wage for all hours worked, and delivery drivers frequently do not receive minimum wage for all hours worked, particularly given that customers' tips cannot count toward DoorDash's minimum wage obligations.

21.     Furthermore, DoorDash does not provide transparent itemized wage statements to drivers with information regarding how their pay is calculated or what portion of pay is attributable to tips as opposed to wages from DoorDash.

22.     On April 30, 2018, the California Supreme Court issued its decision in <u>Dynamex Operations W., Inc. v. Superior Court</u>, No. S222732, 2018 WL 1999120 (Cal. Apr. 30, 2018), which makes clear that DoorDash delivery drivers should be classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes like the ones at issue here.  Under the "ABC" test adopted in <u>Dynamex</u>, in order to justify classifying the delivery drivers as independent contractors, DoorDash would have to prove that its delivery drivers perform services outside its usual course of business, which it cannot do. Notwithstanding this decision, DoorDash has willfully continued to misclassify its delivery drivers as independent contractors.

## V.     CLASS ALLEGATIONS

23.     Plaintiff Manuel Magana brings this case as a class action pursuant to California Code of Civil Procedure § 382 on behalf of all DoorDash delivery drivers who have worked for DoorDash in California.

24.      Plaintiffs and other class members have uniformly been classified as independent

contractors, deprived reimbursement of their necessary business expenditures, and have been paid under a system that does not ensure they receive minimum wage.

25.     The members of the class are so numerous that joinder of all class members is impracticable.

26.     Common questions of law and fact regarding DoorDash's conduct in classifying delivery drivers as independent contractors, failing to reimburse them for business expenditures, failing to ensure they are paid at least minimum wage for all hours worked, and failing to provide them with proper itemized wage statements exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether the work performed by class members—providing delivery driver service to customers—is within DoorDash's usual course of business;

b. Whether class members are typically engaged in their own delivery businesses or whether they wear the "hat" of DoorDash when performing delivery services;

c. Whether class members have been required to follow uniform procedures and policies regarding their work for DoorDash;

d. Whether these class members have been required to bear the expenses of their employment, such as expenses for owning or leasing and maintaining their vehicles, including expenses for gas, insurance, phone and data plan.

27.     Named Plaintiff Manuel Magana is a class member who suffered damages as a result of Defendant's conduct and actions alleged herein.

28.     The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

29.     The named plaintiff will fairly and adequately represent and protect the interests of the class.  The named plaintiff has retained able counsel experienced in class action litigation.

The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

30.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

**COUNT I**
**Expense Reimbursement**
**Violation of Cal. Lab. Code § 2802**

32.     Defendant's conduct, as set forth above, in misclassifying DoorDash delivery drivers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802.  This claim is brought on behalf of a class of similarly situated individuals who have worked for DoorDash in California.

**COUNT II**
**Willful Misclassification**
**Violation of Cal. Lab. Code § 226.8**

33.     Defendant's conduct, as set forth above, in continuing to classify delivery drivers as independent contractors notwithstanding the California Supreme Court's decision in

7
CLASS ACTION COMPLAINT

Dynamex Operations W., Inc. v. Superior Court, No. S222732, 2018 WL 1999120 (Cal. Apr. 30, 2018), which makes clear that delivery drivers are employees under California law, violates Cal. Lab. Code §226.8 and constitutes willful misclassification.  This claim is brought on behalf of a class of similarly situated individuals who have worked for DoorDash in California.

**COUNT III**
**Minimum Wage**
**Violation of Cal. Lab. Code §§ 1197 and 1194**

34.    Defendant's conduct, as set forth above, in failing to pay its delivery drivers minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§1197 and 1194.  This claim is brought on behalf of a class of similarly situated individuals who have worked for DoorDash in California.

**COUNT IV**
**Pay Statements**
**Violation of Cal. Lab. Code § 226(a)**

35.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Door Dash's conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code §226(a). This claim is brought on behalf of a class of similarly situated individuals who worked for Door Dash in the state of California.

**COUNT V**
**Unfair Business Practices**
**Violation of Cal. Bus. & Prof. Code §17200, et seq.**

36.    Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"). Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code §§ 2802, 1194, 1197, and 226.8. As a result of Defendant's unlawful conduct, Plaintiff and

8
CLASS ACTION COMPLAINT

class members suffered injury in fact and lost money and property, including, but not limited to business expenses that delivery drivers were required to pay and wages that delivery drivers were due. Pursuant to California Business and Professions Code § 17203, Plaintiff and class members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and class members who worked for DoorDash are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that the Defendant has violated the UCL and Cal. Lab. Code §§2802, 1194, 1197, 226(a), and 226.8;

b. Certify a class action under Count I through V and appoint Plaintiff Manuel Magana and his counsel to represent a class of DoorDash delivery drivers who have worked in California;

c. Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

d. Award pre- and post-judgment interest;

e. Award reasonable attorneys' fees, costs, and expenses;

f. Injunctive relief in the form of an order requiring Defendant to comply with the California Labor Code; and

g. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

MANUEL MAGANA, on behalf of himself and all
others similarly situated,

By his attorneys,

Shannon Liss-Riordan, SBN 310719
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

Dated:          May 8, 2018

# EXHIBIT D

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Shannon Liss-Riordan (SBN310719)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
TELEPHONE NO.: 617-994-5800    FAX NO.: 617-994-5801
ATTORNEY FOR *(Name):* Plaintiff

**F I L E D**
San Francisco County Superior Court

MAY 08 2018

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civil Division

CASE NAME:
Magana et al. v. Doordash Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder | |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

JUDGE:

DEPT:

CGC-18-566404

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☑ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*   Cal Lab. Code 2802, 226.8, 1197, 1194, 226(a)
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/08/2018

Shannon Liss-Riordan
*(TYPE OR PRINT NAME)*                                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|


BY FAX
ONE LEGAL LLC

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

# EXHIBIT E

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Shannon Liss-Riordan, 310719<br>Lichten & Liss-Riordan<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>TELEPHONE NO.: (617)994-5800<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,<br>County of San Francisco*<br>**05/22/2018**<br>Clerk of the Court<br>BY:JUDITH NUNEZ<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, San Francisco County<br>400 McAllister Street<br>San Francisco, CA 94102 | |
| PLAINTIFF/PETITIONER: Manuel Magana<br><br>DEFENDANT/RESPONDENT: Doordash, Inc. | CASE NUMBER:<br>**CGC-18-566404** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Doordash 2.0 |

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Complaint, Summons, Civil Case Cover Sheet, Notice To Plaintiff, Alternative Dispute Resolution Program Information Package, Judicial Mediation Program, Expedited Jury Trial Information Sheet, Expedited Jury Trial Information Sheet

3. a. Party served: Doordash, Inc.

   b. Person Served: Registered Agent Solutions, Inc. - Rebecca Webster - Person Authorized to Accept Service of Process

4. Address where the party was served: 1220 S ST , STE 150
Sacramento, CA 95811

5. I served the party
   a. by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 05/10/2018    (2) at (time): 3:10PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:

Doordash, Inc.
under: CCP 416.10 (corporation)

7. Person who served papers
   a. Name:     Brandon Lee Ortiz
   b. Address:  One Legal - 194-Marin
             504 Redwood Blvd #223
             Novato, CA 94947

   c. Telephone    415-491-0606
   d. The fee for service was: $ 75.00
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2012-37
         (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 05/17/2018

Brandon Lee Ortiz
(NAME OF PERSON WHO SERVED PAPERS)           (SIGNATURE)