SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

*Attorney for Plaintiff Manuel Magana,*
*on behalf of himself and all others similarly situated*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| MANUEL MAGANA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOORDASH INC.,<br><br>Defendant. | Case No. 4:18-cv-03395-PJH<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF RECENT DECISION**<br><br>Hearing Date: September 26, 2018<br>Hearing Time: 9:00 a.m.<br>Hearing Place: Courtroom 3<br>JUDGE: HON. PHYLLIS HAMILTON |

1   Plaintiff Manuel Magana, on behalf of himself and all others similarly situated, submits the
2   following brief response to the Statement of Recent Decision filed by Defendant DoorDash Inc.
3   today (Dkt. 46). DoorDash notes that today a panel of the Ninth Circuit ruled on one of the
4   theories advanced in Plaintiffs' Opposition to Defendant's Motion to compel arbitration
5   regarding a lead plaintiff's ability to reject arbitration on behalf of a class. See Dkt. 32 at pp, 5-8
6   (discussing Bickerstaff v. Suntrust Bank, 299 Ga. 459, 468-69 (2016), cert. denied, 137 S. Ct.
7   571 (2016)). However, Plaintiffs intend to pursue *en banc* review of today's decision, either in
8   O'Connor, or, if necessary, in this case, particularly in light of the cursory analysis of this
9   particular argument by the Ninth Circuit Court of Appeals.

   Furthermore, the Ninth Circuit panel in O'Connor did not rule directly on the propriety of
10  the district court's Rule 23(d) orders in that case; instead, it found that "[t]he Rule 23(d) orders
11  were based on the district court's denial of the motions to compel arbitration and its granting of
12  class certification" and were therefore "moot" after the reversal of the orders denying arbitration
13  and granting class certification. See Ex. A at 9-10, 19. Here, the Rule 23(d) Order that Plaintiffs
14  seek speaks to other conduct by DoorDash besides disseminating arbitration agreements to
15  putative class members (as was the case in O'Connor), and the same mootness issue clearly does
16  not apply. For all the reasons discussed in Plaintiff's prior briefing, a protective order remains
17  necessary to protect the putative class in this case from unwittingly undermining their rights,
18  while these issues continue to be addressed in this Court or on appeal.
19
20  If, however, the Court disagrees with all of Plaintiffs' arguments in his Opposition (Dkt.
21  32), then Plaintiffs request that the Court dismiss the case rather than stay it so that Plaintiffs can
22  take up these issues on appeal. See Gonzalez v. Coverall N. Am., Inc., No. 1602287-JGB, Dkt.
23  29 (C.D. Cal. April 28, 2017) (granting Plaintiff's request to dismiss rather than stay case after
24  granting motion to compel arbitration); see also Dist. Council 16 Int'l Union of Painters & Allied
25  Trades v. LML Enterprises, Inc., 2013 WL 3802903, at *1 (N.D. Cal. July 18, 2013) (citing
26  Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988)) ("courts have discretion
27
                                                    1
28
PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF RECENT DECISION
Civ. A. No. 4:18-cv-03395-PJH

under 9 U.S.C. § 3 to dismiss or stay claims that are subject to an arbitration agreement.").

Date: September 25, 2018

Respectfully submitted,

MANUEL MAGANA, individually and on behalf of all others similarly situated,

By his attorneys,

 */s/ Shannon Liss-Riordan*_____
Shannon Liss-Riordan, SBN 310719
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by electronic filing on September 25, 2018, on all counsel of record.

 */s/ Shannon Liss-Riordan*_____
Shannon Liss-Riordan, Esq.