GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
　jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:　415.393.8200
Facsimile:　415.393.8306

THEANE EVANGELIS, SBN 243570
　tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
　mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:　213.229.7000
Facsimile:　213.229.7520

Attorneys for Defendant DOORDASH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MANUEL MAGANA, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DOORDASH, INC.,<br><br>　　　　Defendant. | Case No. 4:18-cv-03395-PJH (First Filed Case)<br>Related Case No. 3:19-cv-01513-JSC<br><br>**DEFENDANT DOORDASH, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Phyllis Hamilton |

DoorDash, Inc. submits this Administrative Motion under Civil Local Rules 3-12(b) and 7-11 to give notice that the matter of *Goldman-Hull v. DoorDash, Inc.*, Case No. 4:19-cv-01513-JSC, filed in this District on March 22, 2019 and pending before the Honorable Jacqueline Scott Corley, is related to the above-captioned action, *Magana v. DoorDash, Inc.*, and to request that *Goldman-Hull* be reassigned to the Honorable Phyllis Hamilton, who is presiding over *Magana*.[1] The plaintiff in *Goldman-Hull* has not notified the Court of the pendency of this related case.

## I. Introduction

*Goldman-Hull* and *Magana* "concern substantially the same parties, property, transaction or event." Civ. L.R. 3-12(a)(1). In both actions, delivery providers who use the DoorDash platform have sued DoorDash alleging that they are misclassified as independent contractors. Both plaintiffs seek to represent a class of all California delivery providers. And both plaintiffs plead virtually the same set of California Labor Code violations and bring virtually the same claims against DoorDash. Indeed, the two actions directly overlap with each other: Goldman-Hull would be a member of Magana's putative class, and Magana would be a member of Goldman-Hull's putative class. Further, a primary issue in *Goldman-Hull* will be DoorDash's Independent Contractor Agreement and Arbitration Agreement, and the Court has already interpreted and applied both agreements in *Magana*.

For these reasons, and others, "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a)(2).

---

[1] In accordance with Civ. L.R. 3-12(b), DoorDash has filed this administrative motion in the lowest-numbered case (*Magana*), served the administrative motion on all known parties to each apparently related action, and provided courtesy copies to the assigned judge in each apparently related case.

This administrative motion is not intended to operate as an admission of any factual allegation or legal conclusion and is submitted subject to and without waiver of any right, defense, affirmative defense, or objection, including, without limitation, personal jurisdiction, insufficient process, and/or insufficient service of process.

## II. Factual Background

The plaintiff in *Goldman-Hull* is the latest of several California delivery providers who have sued DoorDash for alleged misclassification. Several parallel actions remain pending in courts across California, including one in this Court.

In May 2018, Manuel Magana filed a putative class action against DoorDash in San Francisco Superior Court alleging that DoorDash was liable for (i) failure to reimburse business expenses, (ii) failure to pay minimum wage, (iii) willful misclassification, (iv) failure to provide itemized pay statements, and (v) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"). Dkt. 1-2, Ex. C. DoorDash removed to this Court and later moved to compel arbitration. This Court granted DoorDash's motion, compelled arbitration, and stayed the case pending the completion of arbitration of Magana's claims. *See* Dkt. No. 53. In Magana's pending appeal to the Ninth Circuit, he asserts that he intends to challenge the order compelling arbitration and still intends to pursue his class action. (See Magana's Opening Br. at 6 n.3, filed Apr. 15, 2019 (9th Cir., No. 18-17232.))

In March 2019, Noah Goldman-Hull filed a similar putative class action in this Court, premised on DoorDash's alleged misclassification of all of its delivery providers. The *Goldman-Hull* case was assigned to Magistrate Judge Jacqueline Scott Corley (subject to consent by the parties). Goldman-Hull asserts the same five claims as Magana: (i) failure to reimburse business expenses, (ii) failure to pay minimum wage, (iii) willful misclassification, (iv) failure to provide itemized pay statements, and (v) violation of the UCL. He also asserts claims pursuant to the Fair Labor Standards Act ("FLSA") and California's Private Attorneys General Act ("PAGA"), but both are premised on the same alleged misclassification and underlying California Labor Code violations as in *Magana*.

## III. *Goldman-Hull* And *Magana* Are Related

**A.  The Actions Involve Substantially the Same Events, Allegations, Legal Theories and Overlapping Parties.**

*Goldman-Hull* and *Magana* involve substantially the same parties, core factual allegations, and legal theories.

*Same Parties.*  These actions involve the same defendant, DoorDash, and involve the same plaintiffs because Goldman-Hull's putative class encompasses Magana, and Magana's putative class

encompasses Goldman-Hull.  *See Goldman-Hull* Compl. ¶ 74 ("Plaintiff proposes that the class be defined as:  All current and former Dashers who worked for Defendant in the State of California …."); *Magana* Compl. (Dkt. 1-2, Ex. C) ¶ 23 (defining the putative class as "all DoorDash delivery drivers who have worked for DoorDash in California").

*Same Allegations*.  As the San Francisco Superior Court recognized in a parallel PAGA action brought by Magana's counsel, these cases are part of "[a] welter of litigation [that] has been filed to decide the same central issue" of misclassification against DoorDash.  *Marciano v. DoorDash, Inc.* (S.F. Super. Ct. Dec. 7, 2018) (Lipshutz Decl. Ex. A).  Both *Goldman-Hall* and *Magana* are premised on the same basic allegation—that DoorDash misclassifies delivery drivers who use the DoorDash platform as independent contractors.  *Goldman-Hull* Compl. ¶ 1; *see also* Dkt. 1-2, Ex. C, ¶ 2.

*Common Legal Theories*.  Based on the common assertion of misclassification, both cases assert the same alleged violations of the California Labor Code.  Specifically, Magana alleges that DoorDash failed to reimburse expenses (Cal. Lab. Code § 2802), willfully misclassified delivery providers (*id*. § 226.8), violated minimum wage laws (*id*. §§ 1194, 1197), failed to provide itemized wage statements (*id*. § 226(a)), and violated the UCL.  Goldman-Hull similarly alleges that DoorDash failed to reimburse expenses (Cal. Lab. Code § 2802), willfully misclassified delivery providers (id 226.8), violated minimum wage laws (§§ 1182.11, 1182.12, and 1194), failed to provide itemized wage statements (*id.* § 226(a)), and violated the UCL.  Goldman-Hull additionally brings an FLSA and a PAGA claim, but both of those claims are based on the same underlying allegation that DoorDash misclassified delivery providers as independent contractors.  *See Goldman-Hull* Compl. ¶¶ 78, 109.

**B.     Relating the Actions Will Promote Judicial Economy.**

Given the similarity of the parties, underlying factual allegations, and legal theories, relating these two actions will promote efficiency and prevent inconsistent results.  This Court has already invested substantial time overseeing *Magana* and is therefore familiar with the facts and legal theories giving rise to both actions.  Relating these cases would also avoid inconsistent results; having a "different judge[]" preside over these closely related actions would impose "an unduly

burdensome duplication of labor and expense" and increase the risk of "conflicting rulings."  Civ. L.R. 3-12(a).

Specifically, DoorDash's Independent Contractor Agreement ("ICA") and Arbitration Agreement are key issues in both cases.  In *Magana*, the Court interpreted and applied the ICA and Arbitration Agreement in holding that Magana had agreed to arbitrate his claims and could not represent a class of delivery providers who were likewise bound by the Arbitration Agreement.  *See* Dkt. 53.  *Goldman-Hull* will feature these same issues.  And *Goldman-Hull*'s PAGA and FLSA claims are both related to issues addressed in *Magana*.  In opposing Magana's motion for leave to amend his complaint, DoorDash explained that Magana's request to amend his complaint was not made in good faith because Magana was jockeying for priority with several earlier-filed PAGA actions.  Dkt. 37, at 6 n.2.  The Court permitted amendment but made clear that "the entire action," necessarily including any new PAGA claim, "will be stayed pending the arbitration of Magana's claims."  Dkt. 53, at 15.  Similarly, Goldman-Hull's PAGA claim must be stayed because it overlaps with earlier-filed PAGA claims.  And Goldman-Hull's FLSA claim fails for the same reason Magana's class claim failed—Goldman-Hull waived his right to class, collective, and representative relief and agreed to arbitrate his disputes on an individual basis.  *See* Dkt. 37 at 4; Dkt. 41 at 2.

It would preserve resources and prevent conflicting rulings for the same judge to interpret DoorDash's ICA and Arbitration Agreement under these similar circumstances.  *See McGee v. Ross Stores, Inc.*, 2007 WL 2900507, at *1–2 (N.D. Cal. Oct. 1, 2007) (relating cases when two putative classes and causes of action overlapped).

## IV.  Conclusion

For the foregoing reasons, this administrative motion should be granted.  *Goldman-Hull* should be related to *Magana* and reassigned to the same judge who is presiding over *Magana*.

Dated: May 9, 2019

GIBSON, DUNN & CRUTCHER LLP

By:    /s/ *Joshua Lipshtuz*
      JOSHUA LIPSHUTZ

Attorney for DOORDASH, INC.